**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

EHR AVIATION, INC., a
Delaware corporation,

Plaintiff,

vs. CASE NO. 3:09-cv-210-J-32TEM

CRAIG LAWSON,

Defendant.

_____________________________________/

**<u>O R D E R</u>**

This matter is before the Court on Plaintiff EHR Aviation, Inc.'s ("Plaintiff") motion for entry of Clerk's default (Doc. #31, Motion). For the reasons stated herein, the Motion shall be **DENIED <u>without prejudice</u>**, **with directions as to substitute service**.

A hearing regarding a previously filed motion for entry of Clerk's default (Doc. #22) was held before the undersigned on June 28, 2010 (Doc. #27, Minutes).[1] The motion was denied by Court Order dated August 5, 2010 (Doc. #28).[2] The Court denied the motion (Doc. #22) because it found there was insufficient evidence of record to support a finding that Defendant Craig Lawson ("Defendant") had been properly served in accordance with either the Hague Convention or the laws of British Columbia.

Based on the unique circumstances of the matter, and pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the undersigned found good cause existed for granting

[1]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

[2]The facts and conclusions set forth in the Court's August 5, 2010 Order (Doc. #28) are hereby incorporated by reference.

additional time to Plaintiff for effectuating service of process (Doc. #28 at 6). To this end, the Court provided Plaintiff until September 27, 2010 within which to properly serve Defendant with a copy of the summons and the complaint (Doc. #28 at 6).

In an effort to properly serve Defendant, Plaintiff filed an amended complaint (Doc. #29) and served it upon the Florida Secretary of State pursuant to Florida Statutes Sections 48.181 and 48.161 (*see* Doc. #30). These statutory provisions provide, *inter alia*, that in certain circumstances substitute service of process may be effectuated upon a nonresident or a party who conceals his or her whereabouts. *See* Fla. Stat. §§ 48.181 and 48.161. The requirements of these statutory provisions, however, must be strictly complied with. *Wise v. Warner*, 932 So.2d 591, 593-94 (Fla. 5th DCA 2006).

In this instance, the requirements of Sections 48.181 and 48.161 have not been strictly compiled with. This is particularly important in this instance as Plaintiff has filed an amended complaint—a copy of which has not been attempted to be provided to Defendant. To effectuate proper service of process pursuant to Florida Statutes Section 48.161, a plaintiff must: (1) allege facts in the complaint that bring the defendant within the purview of the substitute service statute (*e.g.*, that the defendant is a nonresident subject to the court's jurisdiction who cannot be located despite due diligence or that the defendant is actively concealing his or her whereabouts); (2) serve the Secretary of State by providing him or her (or their delegate) with a copy of the summons and complaint; (3) pay the requisite fee to the Secretary of State; (4) provide **Notice** of service upon the Secretary of State **to the defendant** by sending him or her a copy of the summons and the complaint **by registered or certified mail**; (5) **file the registered or certified mail return receipt**;

and (6) file an affidavit of compliance on or before the return date of the process. Fla. Stat. § 48.161(1); *see also Hernandez v. State Farm Mutual Automobile Insurance Co.*, 32 So.3d 695, 699 (Fla. 4th DCA 2010).

Because the statutes that allow for substitute service of process are an exception to the general rule requiring that a defendant be personally served, "due process values require strict compliance." *Monaco v. Nealon*, 810 So.2d 1084, 1085 (Fla. 4th DCA 2002). Courts, however, "may dispense with **the filing of a postal receipt** if a substituted service statute is invoked on the ground that the defendant is evading service." *Chapman v. Sheffield*, 750 So.2d 140, 143 (Fla. 1st DCA 2000). This, however, "does not mean [the plaintiff] need not bother with registered or certified mail. . . ; rather, the failure to comply with the statutory requirement [that a postal receipt be filed] has been excused when the record shows that the party to be served is deliberately refusing to accept delivery." *Wise*, 932 So.2d at 593 (*citing Woodworth v. Smith*, 773 So.2d 1170 (Fla. 2nd DCA 2000).

In *Woodworth*, *supra*, the 2nd DCA reversed the trial court's denial of a motion to quash service of process, even though the defendant had actual notice *via* regular mail, because the plaintiff failed to strictly adhere to the mandates of Florida Statutes Section 48.161, requiring delivery by registered or certified mail. Likewise, in *Jennings v. Montenegro*, the court stated, "where substitute service of process is used, strict compliance with the statutes governing this form of service is essential to obtaining valid personal jurisdiction over the defendant(s)." 792 So.2d 1258 (Fla. 4th DCA 2001).

Although the record tends to indicate that Defendant may indeed be attempting to evade service of process, this merely makes it appropriate for Plaintiff to use Florida's substitute service statutes as a means of effectuating proper service of process. If Plaintiff

elects to use such statutes, it must strictly comply with the mandates provided for therein. Since Defendant appears to be evading service of process, Florida Statutes Section 48.161 requires, *inter alia*, that the Secretary of State be served and that Notice and process be sent by registered or certified mail to Defendant's last known address.

On the record before the Court, it does not appear that Plaintiff sent the requisite Notice and process (a copy of the summons and the complaint) by registered or certified mail to Defendant (*see* Doc. #30). While the Court my dispense with the requirement that Plaintiff file a returned postal receipt if it finds Defendant is evading service of process, Plaintiff must nevertheless provide the Court with an affidavit indicating its strict compliance with the statutes of Florida.

As noted in the Court's August 5, 2010 Order (Doc. #28), pursuant to Rule 11 of the Supreme Court Rules of British Columbia: "[w]here for any reason it is impracticable to serve a document as set out in Rule 11, **the court may order substituted service**, **whether or not there is evidence that the document will probably reach the person to be served** or will probably come to the person's attention or that the person is evading service." B.C. Reg. 221/90—Supreme Court Rules, Rule 11—Service and Delivery of Documents British Columbia Current to Gazette Vol. 53:7 (May 7, 2010) (*emphasis added*).

Based on the foregoing, it is hereby **ORDERED**:

1. Plaintiff EHR Aviation, Inc.'s motion for entry of Clerk's default (Doc. #31) is **DENIED <u>without prejudice</u>**.

2. Plaintiff shall have until **<u>March 24, 2011</u>** within which to effectuate **SUBSTITUTE SERVICE OF PROCESS** of the Amended Complaint (Doc.

#29) in accordance with **Florida Statutes Sections 48.181 and 48.161**.[3] **Plaintiff shall re-serve the Florida Secretary of State and send the required Notice "forthwith" as provided by Section 48.161**.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of January, 2011.

Thomas E. Morris
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any

[3] The Court finds such means do not conflict with the Hague Convention or the laws of British Columbia. *See* Fed. R. Civ. P 4(f)(3); B.C. Reg. 221/90—Supreme Court Rules, Rule 11—Service and Delivery of Documents British Columbia Current to Gazette Vol. 53:7 (May 7, 2010).