**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EHR AVIATION, INC., a
Delaware corporation,

    Plaintiff,

vs.                                                   CASE NO. 3:09-cv-210-J-32TEM

CRAIG LAWSON,

    Defendant.

_____/

## O R D E R

This matter is before the Court on Plaintiff EHR Aviation, Inc.'s ("Plaintiff") motion for entry of Clerk's default (Doc. #31, Motion). For the reasons stated herein, the Motion shall be **GRANTED**.

By way of background, a hearing regarding a previously filed motion for entry of Clerk's default (Doc. #22) was held before the undersigned on June 28, 2010 (Doc. #27, Minutes).[1] The motion was denied by Court Order dated August 5, 2010 (Doc. #28).[2] The Court denied the motion (Doc. #22) because it found there was insufficient evidence of record to support a finding that Defendant Craig Lawson ("Defendant") had been properly served in accordance with either the Hague Convention or the laws of British Columbia.

Based on the unique circumstances of this matter, and pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the undersigned found good cause existed for granting

---

[1]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

[2]The facts and conclusions set forth in the Court's August 5, 2010 Order (Doc. #28) are hereby incorporated by reference.

additional time to Plaintiff for effectuating service of process (Doc. #28 at 6). In an effort to properly serve Defendant, Plaintiff filed an amended complaint (Doc. #29) and served it upon the Florida Secretary of State pursuant to Florida Statutes Sections 48.181 and 48.161 (*see* Doc. #30). These statutory provisions provide, *inter alia*, that in certain circumstances substitute service of process may be effectuated upon a nonresident or a party who conceals his or her whereabouts. *See* Fla. Stat. §§ 48.181 and 48.161. The requirements of these statutory provisions, however, must be strictly complied with. *Wise v. Warner*, 932 So.2d 591, 593-94 (Fla. 5th DCA 2006).

In an Order dated January 6, 2011 (Doc. #32), the undersigned found the requirements of Sections 48.181 and 48.161 had not been strictly compiled with by Plaintiff.[3] Consequently, the Court directed that Plaintiff re-serve the Florida Secretary of State and send the required notice to Defendant "forthwith," as provided by Florida Statutes Section 48.161 (Doc. #32 at 4-5).

In the instant motion (Doc. #35), Plaintiff submits documentation which satisfies the Court that Plaintiff has now strictly complied with the requirements of the aforementioned statutes by forthwith sending notice of the summons and complaint to Defendant at his last known address (*see* Docs. #35-1; #35-2; #35-3; *see also* Doc. #35 at 2). As a result, the Court finds substitute service of process has now been properly effectuated upon Defendant.

---

[3] The facts and conclusions set forth in the Court's January 6, 2011 Order (Doc. #32) are hereby incorporated by reference.

Rule 55(a) of the Federal Rules of Civil Procedure provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Here, Defendant was served a copy of the summons and complaint, *via* the Florida Secretary of State, on March 16, 2011 (*see* Doc. #33, Proof of Service). In accordance with the Court's prior directive(s) (*see* Doc. #32), on March 21, 2011, Plaintiff mailed a copy of the summons and complaint to Defendant at his last known address by registered mail (Doc. #35-2). On April 25, 2011, said correspondence was returned to Plaintiff, along with a notation stating Defendant has moved and "left no address" (Doc. #35-2 at 1). To date, Defendant has not made an appearance in this action and appears to be secreting himself in British Columbia. Therefore, Defendant is in default.

Based on the foregoing, it is hereby **ORDERED**:

1. Plaintiff's motion for entry of Clerk's default as to Defendant Craig Lawson (Doc. #35) is **GRANTED**.

2. The Clerk is directed to enter the default.

3. Plaintiff is directed to serve a copy of this Order, along with the Clerk's Default, on the Florida Secretary of State.

4. Plaintiff shall file a certificate of such service with the Court by **May 27, 2011**.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of May, 2011.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge